UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07-CV-5-R

JANICE F. CURRY                                                                                          PLAINTIFF

v.

EATON CORPORATION
AND
BROADSHIRE SERVICES, INC.                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File Notice of Appeal (Docket #42).  Defendants have responded (Docket #44), and Plaintiff has replied (Docket #45).  This matter is now ripe for adjudication.  For the reasons that follow, Plaintiff's Motion is GRANTED.

**DISCUSSION**

On October 30, 2007, the Court granted Defendants' motion for summary judgment.  On June 24, 2008, the Court denied Plaintiff's motion to alter, amend, or vacate the Court's summary judgment order.  The Federal Rules of Appellate Procedure generally require that a notice of appeal be filed "within 30 days after the judgment or order appealed is entered."  Fed. R. App. P. 4(a)(1)(A).  Pursuant to Rule 4(a)(1)(A), Plaintiff's notice of appeal was due on or before July 24, 2008.  On July 29, 2008, five days after the deadline, Plaintiff filed the current motion.

Plaintiff requests that the Court extend the time to file a notice of appeal.  Plaintiff states that on July 22, within the 30 day deadline, Plaintiff attempted to file her notice of appeal but due to an electronic glitch the notice was not docketed.  Plaintiff received notice that the

payment of her filing fee had been accepted, but did not receive final confirmation of the filing. One week later, on July 29, Plaintiff discovered that the notice had not been docketed, and filed the current motion that same day.

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Usually, if the need for an extension is occasioned by something within the control of the party moving for the extension, then the excusable neglect standard applies, if the need for an extension is occasioned by something that is not within the control of the movant, then the good cause standard applies. *Haus v. Bechtel Jacobs*, 347 F. Supp. 2d 402, 403 (W.D. Ky. 2004) (quoting Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note). Because the need for an extension here was occasioned by something within the control of Plaintiff, the excusable neglect standard applies.

The Supreme Court has defined "neglect" as "late filings caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* These circumstances include (i) the danger of prejudice to the other party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was under the reasonable control of the movant; and (iv) the good faith of the movant. *Id.*; *see also United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1993) (holding that the *Pioneer* analysis is

applicable to civil appeals).

Defendants argue that Plaintiff has failed to establish the requisite showing necessary in order to extend the time for filing her notice of appeal.  They state that the reason for the delay, an electronic glitch, is the most important factor and is not a satisfactory explanation for the late filing.  Defendants do not contend that they will be prejudiced by the appeal going forward, nor do they discuss the length of the delay, its potential impact on judicial proceedings, or whether Plaintiff acted in good faith.

In this case, the Court finds that an examination of the equities based on the *Pioneer* factors weighs in favor of the Plaintiff.  One, there is not a significant danger of prejudice to Defendants in allowing the appeal to go forward.  Two, the length of the delay was only five days.  Three, Plaintiff acted promptly to file the current motion when it was discovered that the appeal was not docketed.  The reason for the delay does weigh against the movant; Plaintiff should have been on notice that the Notice of Appeal was not filed when the proper electronic conformation was not received.  Nevertheless mandatory electronic filing is new, attorneys, Court and Clerk are all learning in the process.  However, even if this factor is given more weight than the others, taking account of all relevant circumstances surrounding Plaintiff's omission the Court concludes that Plaintiff has shown excusable neglect.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Notice of Appeal is GRANTED.  The Notice of Appeal filed by Plaintiff on July 29, 2008 (Docket #41) shall be deemed timely filed.